ABRAHAM DYKSTRA *vs.* EVERETT J. DARLING.

APRIL 30, 1930.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

MURDOCK, J. This is a bill in equity brought to restrain the respondent from maintaining a dike or dam on his property, the effect of which it is alleged is to interfere with and obstruct the natural drainage of the land of complainant. After a hearing in the Superior Court on bill, answer, replication and proof, the trial justice found for the complainant and entered a decree adjudging the dam or dike constructed by respondent to be a nuisance; ordering him to abate the same and enjoining him from erecting any obstruction to the free

passage of water from the land of the complainant through a natural waterway or drainage channel across the land of respondent. From the decree giving effect to this decision respondent has appealed assigning as his reasons therefor that the decree is contrary to law and is contrary to the evidence and the weight thereof.

The complainant and respondent own adjoining tracts of land situated in the town of East Providence. The land of the respondent lies to the south and east of the land of the complainant. At the southeasterly line of the complainant's property there is a small pond known as Black Duck Pond. It is the contention of the complainant that this pond has two natural outlets, one to the east and the other to the south, the latter over the land of the complainant.

The respondent, while admitting that before the erection of said dam or dike the pond formerly drained to the south contends that it was through an artificial ditch which his predecessor in title dug across his own land for the purpose of draining the same and that therefore the respondent had the right, if he saw fit, to obstruct the flow of water through this ditch by means of said dam or dike.

The question raised by the appeal is mainly one of fact. The evidence was sharply conflicting. The witnesses for the complainant testified that before the trench above referred to was dug there was a natural watercourse or drainage channel to the south across the land of the respondent through which water flowed from said pond. Some corroboration of this testimony appears to be found in an old map of the United States Geological Survey which indicates a stream or channel leading in a southerly direction from a place where approximately Black Duck Pond is now located.

The testimony for the respondent was that the natural outlet of said pond is to the east and it is only under high water or freshet conditions that water flows naturally to the south over the land of respondent.

It is evident from the rescript of the trial justice that he weighed this conflicting testimony very carefully and after

taking a view of the premises he found that there were two natural outlets to Black Duck Pond, one to the south and one to the east; that the water would flow first to the south and would not flow toward the east unless the pond became very full. He found further that the ditch, which was dug by the respondent's predecessor in title, was not a new ditch but merely a clearing out and enlarging of an existing channel in order to hasten the flow of water from the pond and from the land of respondent.

After an examination of the record it is evident that the decree appealed from gives to the complainant greater relief than he is entitled to have. When the ditch was improved on the land of the respondent a strip about one foot in width between the complainant's land and that of the respondent was left in its original condition. This strip was subsequently dug out by the complainant. Whether this was done with the consent of the adjoining owner is not clear. The complainant thus obtained greater drainage for his land than was afforded by the ditch in its natural condition.

The decree should be modified so as to give to the complainant such drainage of his land to the south through said ditch as he had before he dug out the strip of land above referred to.

The appeal is sustained. The decree appealed from is modified as above indicated. The parties may present for our approval a form of decree to be entered in the Superior Court.

*Everett D. Higgins, Calvert E. Casey,* for complainant.
*Edward M. Sullivan, John J. Sullivan,* for respondent.